Allison V. Saunders (SBN 220010)
FORD & HARRISON LLP
350 S. Grand Ave., Suite 2300
Los Angeles, CA 90071
Telephone:   213-237-2400
Email:  asaunders@fordharrison.com

Patricia G. Griffith (Georgia SBN 311928)
(Admitted *Pro Hac Vice*)
FORD & HARRISON LLP
271  17th Street, NW, Suite 1900
Atlanta, GA 30363-6202
Telephone:   404-888-3800
Email:  pgriffith@fordharrison.com

Attorneys for Petitioner
SAN JOSE HEALTHCARE SYSTEM, LP d/b/a
REGIONAL MEDICAL CENTER OF SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

### SAN JOSE DIVISION

| | |
|---|---|
| SAN JOSE HEALTHCARE SYSTEM, LP d/b/a REGIONAL MEDICAL CENTER OF SAN JOSE,<br><br>Petitioner,<br><br>v.<br><br>STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND,<br><br>Respondent. | Case No.  5:21-cv-09974-SVK<br><br>[Assigned to the Hon. Susan van Keulen]<br><br>**PETITIONER'S NOTICE OF MOTION AND MOTION FOR FED. R. CIV. P. 54 APPLICATION FOR ATTORNEYS' FEES; DECLARATION OF PATRICIA G. GRIFFITH**<br><br>Hearing date:      August 23, 2022<br>Time:                  10:00 a.m.<br><br>Petition Filed:  December 23, 2021<br>Judgment Entered:  June 23, 2022 |

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    PLEASE TAKE NOTICE that on August 23, 2022 at 10:00 a.m. or as soon thereafter as the

2  matter can be heard in the United States District Court for the Northern District of California located

3  at 280 South 1st Street, San Jose, CA 95113, Petitioner San Jose Healthcare System, LP d/b/a

4  Regional Medical Center of San Jose ("Peitioner") will and hereby does move the Court for an

5  Order approving its Fed. R. Civ. P. 54 Application for Attorneys' Fees.

6    Petitioner seeks attorneys' fees on the basis that this Court ordered the vacatur of the

7  arbitration award and such fees are allowed pursuant to Section 502 of ERISA ("the court in its

8  discretion may allow a reasonable attorney's fee and costs to either party") as well as pursuant to

9  the LMRA (reasonable attorney's fees are available where the underlying litigation is pursued in

10  bad faith).

11    This Motion is based on this Notice, the accompanying Memorandum of Points and

12  Authorities, the Declaration of Patricia G. Griffith, the records and papers on file herein, and on

13  such arguments as may be presented at the time of the hearing on such motion.

14

Dated:  July 7, 2022                                Respectfully submitted,

15

16                                                    FORD & HARRISON LLP

17

18                                                    By: _____

19                                                        Allison V. Saunders
                                                         Patricia G. Griffith, *Pro Hac Vice*

20                                                    Attorneys for Petitioner
                                                     SAN JOSE HEALTHCARE SYSTEM, LP
21                                                    d/b/a REGIONAL MEDICAL CENTER OF
                                                     SAN JOSE

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

1

## <u>TABLE OF CONTENTS</u>

2
**Page**

3    MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 5

4    PRELIMINARY STATEMENT.................................................................................... 5

5    STATEMENT OF FACTS ............................................................................................. 5

6    I.    This Court's Jurisdiction Under ERISA and the LMRA ..................................... 5

7    II.   Vacatur of the Arbitration Award .................................................................... 5

8    III.  Relevant Provisions of the Trust Agreement ..................................................... 6

9    IV.   Regional Medical Center Has Incurred Substantial Fees and Costs ................... 6

10         A.    Regional Medical Center's Fees in Defending Against the Frivolous
                 Arbitration Action ................................................................................... 7
11

12         B.    Regional Medical Center's Fees in Seeking Vacatur of Arbitrator Riker's
                 Improper Award ...................................................................................... 8

13   LEGAL ARGUMENT ................................................................................................... 8

14   I.    Regional Medical Center Has Achieved Success on the Merits and is Entitled to
           Attorneys' Fees Pursuant to Section 502 of ERISA. ......................................... 8
15
           A.    The Pension Fund Acted in Bad Faith ..................................................... 9
16
           B.    The Pension Fund's Ability to Pay Attorneys' Fees............................... 11
17
           C.    An Award of Attorneys' Fees Would Have An Appropriate Deterrent Affect .... 11
18
           D.    This Matter Pertains to a Significant Legal Question Regarding ERISA............. 12
19
           E.    The Pension Fund's Position is Utterly Lacking in Legal Merit. ..................... 13
20
21   II.   Regional Medical Center is Entitled to Fees Pursuant to LMRA. ................... 14

     CONCLUSION ............................................................................................................ 15
22
23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Carpenter S. Cal. Admin Corp. v. Russell*, 726 F.2d 1410 (9th Cir. 1984) ..................................... 9

*Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242 (2010) ................................................................. 8

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980)................................................... 9, 11

*Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical
    Contractors, Inc.*, 875 F.2d 212 (9th Cir. 1989) ............................................................. 12, 13

*In re Penrod*, 802 F.3d 1084 (9th Cir. 2015) ................................................................................ 14

*Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983) ........................................................................ 8

*Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118 (9th Cir. 2010)................... 9

*Wellman v. Writers Guild of Am., West, Inc.*, 146 F.3d 666 (9th Cir. 1998) ............................... 14

**State Cases**

*Hsu v. Abbara*, 9 Cal. 4th 863 (1995) ......................................................................................... 14

*Monster, LLC v. Superior Court*, 12 Cal. App. 5th 1214 (2017) ................................................ 14

*Santisas v. Goodin*, 17 Cal. 4th 599 (1998) ................................................................................. 14

**Federal Statutes**

28 U.S.C. § 1331 ............................................................................................................................ 5
29 U.S.C. 1332(g)(1)...................................................................................................................... 8
29 U.S.C. § 185 .............................................................................................................................. 5
29 U.S.C. § 1132(g) ...................................................................................................................... 12
29 U.S.C.§ 1132.......................................................................................................................... 5, 6

**State Statutes**

*Cal. Civ. Code* § 1717(a)............................................................................................................. 14

**Federal Rules**

*Fed. R. Civ. P.* 54 .................................................................................................................*passim*
*Civ. L.R.* 54-1 ......................................................................................................................... 5, 15
*Civ. L.R.* 54-1 ......................................................................................................................... 5, 15

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Petitioner, San Jose Healthcare System, LP, d/b/a Regional Medical Center of San Jose ("Regional Medical Center" or "Hospital") respectfully submits this memorandum of law in support of its application pursuant to *Fed. R. Civ. P.* 54, *Civ. L.R.* 54-1, and *Civ. L.R.* 54-5 for attorneys' fees.

## STATEMENT OF FACTS

The facts underlying and relating to this matter are comprehensively set forth in Petitioner's Memorandum of Points and Authorities in Support of its Motion to Vacate Arbitration Award and its Response to Trust Fund's Motion to Confirm Arbitration Award and are incorporated here as if set forth fully herein. [D.E. No. 4, pgs. 3-10]. The following is a recitation of facts directly relevant to Regional Medical Center's instant application pursuant to Fed. R. Civ. P. 54.

## I.    This Court's Jurisdiction Under ERISA and the LMRA

On June 15, 2022, this Court issued its Order on (1) Plaintiff's Motion to Vacate Arbitration Award; and (2) Defendant's Motion to Confirm Arbitration Award ("Order"). [D.E. No. 46]. The Order was entered as a Judgment in favor of Regional Medical Center on June 23, 2022. [D.E. No. 50]. The Order established that this Court has jurisdiction over this matter because a federal question exists within the meaning of 28 *U.S.C.* § 1331. [D.E. No. 46, pg. 6]. Specifically, federal question jurisdiction exists, in part, because Respondent Stationary Engineers Local 39 Pension Trust Fund ("Pension Fund") invoked the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 *U.S.C.* § 1132. [D.E. No. 46, pg. 6]. Federal question jurisdiction further exists under Section 301 of the Labor Management Relations Act ("LMRA"). *See* 29 *U.S.C.* § 185. [D.E. No. 46, pg. 6].

## II.    Vacatur of the Arbitration Award

In the Order, this Court vacated the arbitration award of Arbitrator William E. Riker ("Arbitration Award"). [D.E. No. 4]. The Arbitration Award was vacated because Arbitrator Riker exceeded the arbitral authority created by § 9.04 of the Stationary Engineers Local 39 Pension Trust Fund Agreement and Declaration of Trust (as amended 1975) ("Trust Agreement"). [D.E. No. 4,

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

pgs. 11-14; Declaration of Patricia G. Griffith, Exhibit A, pg. 14; all subsequent references to exhibits are to this Declaration]. Specifically, this Court correctly determined that interpretation of the collective bargaining agreement ("CBA") between Regional Medical Center and non-party Stationary Engineers, Local No. 39 ("Union") "was not subject to arbitration," but that Arbitrator Riker's Award "interpreted the CBA" and "he expressly acknowledged as much." [D.E. No. 46, pg. 11].

As Arbitrator Riker impermissibly interpreted the CBA, "his Award is in direct conflict with the Trust Agreement" which establishes "no matter in connection with the interpretation of enforcement of any Collective Bargaining Agreement shall be subject to arbitration." [D.E. No. 46, pg. 11; Exhibit A, pg. 14]. Accordingly, this Court held that Arbitrator Riker "exceeded his authority and, as a result, the Award must be vacated." [D.E. No. 46, pg. 15].

**III.    Relevant Provisions of the Trust Agreement**

Section 4.03 of the Trust Agreement establishes that the Board of Trustees of the Pension Fund ("Trustees") has the authority to act pursuant to 29 *U.S.C.* § 1132 to "demand and enforce the prompt payment of contributions to the Fund and enforce the prompt payment of contributions to the Fund." [Exhibit A, pg. 7]. The authority granted to the Trustees includes, where any suit or claim seeking to collect contributions to the Pension Fund is brought, the right to seek "reasonable attorneys' fees, court costs and all other reasonable expenses incurred in connection with such suit or claim, including any and all appellate proceedings therein." [Exhibit A, pg. 7].

**IV.    Regional Medical Center Has Incurred Substantial Fees and Costs**.

As this Court's Order makes clear, Arbitrator Riker exceeded his authority under the Trust Agreement and improperly rendered the Arbitration Award. [D.E. No. 46]. There is no dispute that Regional Medical Center raised the defense that Arbitrator Riker had no authority to do what the Trust Fund was asking him to do. [D.E. No. 46, pgs. 12 & 14]. The need to defend against a frivolous arbitration proceeding and ultimately seek vacatur of an improper arbitration award caused Regional Medical Center to unnecessarily incur significant costs and fees, including attorneys' fees. The unnecessary nature of the costs and fees imposed on Regional Medical Center by the Pension Fund is readily apparent.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

Prior to, and during, arbitration proceedings, Regional Medical Center denied liability for the pension contributions on the grounds that the subject employees worked as *per diem* employees during the relevant time period. [Exhibit B, pgs. 10-11]. These employees were not members of the Union's bargaining unit, as defined by express and negotiated terms of the CBA's Recognition Clause. [Exhibit B, pgs. 10-11]. Thus, the plain terms of the Trust Agreement do not entitle the Pension Fund to any contribution on behalf of these employees. [Exhibit B, pgs. 10-11].

Despite the Pension Fund's refusal to allow a transcript of the arbitration proceedings to be made, the Arbitration Award clearly establishes that violations of § 9.04 of the Trust Agreement were raised during arbitration proceedings. [Exhibit B, pgs. 12-13]. Notwithstanding the unambiguous language of the Trust Agreement, Arbitrator Riker blatantly exceeded the authority conferred by the Trust Agreement by unilaterally declaring "[t]o the extent this matter required….review and interpret[ation] [of] provisions of a CBA to determine whether there is an obligation to contribute, the Arbitrator has the power and authority to do so under the terms of the Trust Agreement." [Exhibit B, pgs. 13-14]. Arbitrator Riker then repeatedly exceeded his authority under the Trust Agreement by interpreting the CBA at least six (6) times in the Arbitration Award. [Exhibit B, pgs. 15-17].

Due to the foregoing facts, Regional Medical Center incurred $133,928.70 fees attributable to its defense of the Pension Fund's frivolous arbitration action and seeking vacatur of Arbitrator Riker's Arbitration Award before this Court.

A.    **Regional Medical Center's Fees in Defending Against the Frivolous Arbitration Action**

The fees incurred by Regional Medical Center were entirely avoidable. On September 12, 2016, the Pension Fund transmitted a letter to Regional Medical Center, which included both accurate and inaccurate contribution delinquency findings. [Exhibit C]. Regional Medical Center responded to the Pension Fund on November 7, 2016, informing the Pension Fund of its erroneous contribution delinquency findings. [Exhibit C]. Notably, Regional Medical Center remitted payment for the legitimate contribution delinquency findings to resolve the matter. [Exhibit C]. As discussed further below, despite Regional Medical Center's good faith, timely payment of the

1  legitimate contribution delinquencies, the Pension Fund persisted in a five-year pattern of bad faith

2  pursuit of unmeritorious claims against Regional Medical Center.

3      Specifically, between October 2019 and October 2021, Regional Medical Center incurred

4  $59,292.90 in attorneys' fees alone, preparing for and defending against the Pension Fund's

5  frivolous arbitration action. [*See* Griffith Declaration ¶ 31]. These fees were substantial because of

6  the Pension Fund's delay and protraction of the proceedings to Regional Medical Center's

7  detriment.  For example, the Pension Fund initially insisted - - despite the ongoing COVID-19

8  pandemic - - on in-person arbitration proceedings at a location of its unilateral choice – to wit: its

9  counsel's office.  [Exhibit D]. Although Regional Medical Center's counsel and witnesses all

10  prepared and showed up in Emeryville, California, Arbitrator Riker did not, and the hearing was

11  ultimately rescheduled.

12      **B.    Regional Medical Center's Fees in Seeking Vacatur of Arbitrator Riker's**

13          **Improper Award**

14      Following Arbitrator Riker's issuance of the Arbitration Award, Regional Medical Center

15  incurred another $74,635.80 in attorneys' fees alone, seeking vacatur of the improper Arbitration

16  Award. [*See* Griffith Declaration ¶ 31.]  These fees were substantial because Regional Medical

17  Center was required to submit extensive memorandums and points of authority to vacate the

18  Arbitration Award <u>and</u> to oppose the Pension Fund's motion to confirm the arbitration award.[1]

19              **LEGAL ARGUMENT**

20  **I.    Regional Medical Center Has Achieved Success on the Merits and is Entitled to**

21      **Attorneys' Fees Pursuant to Section 502 of ERISA.**

22      Section 502 of ERISA establishes that "[i]n any action under this subchapter…by a

23  participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's

24  fee and costs ***to either party***." 29 *U.S.C.* 1332(g)(1).  *(emphasis supplied).*  To recover fees, a fees

25  claimant must show "some degree of success on the merits."  *Hardt v. Reliance Std. Life Ins. Co.*,

26  560 U.S. 242, 255 (2010), *citing Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983).  Once a

27

28

---

[1] Regional Medical Center filed its bill of costs in this matter on July 6, 2022.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

1   fees claimant has "pass[ed] through the 'some degree of success on the merits' door," the Court

2   will consider the five (5) factors established by *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th

3   Cir. 1980). *Simona v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir.

4   2010).

5        No one of these five factors is determinative, and some factors may be irrelevant depending

6   upon the issues before the Court. *Carpenter S. Cal. Admin Corp. v. Russell*, 726 F.2d 1410, 1416

7   (9th Cir. 1984). The *Hummell* factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2)
> the ability of the opposing parties to satisfy an award of fees; (3)
> whether an award of fees against the opposing parties would deter
> others from acting under similar circumstances; (4) whether the
> parties requesting fees sought to benefit all participants and
> beneficiaries of an ERISA plan, or to resolve a significant legal
> question regarding ERISA; and (5) the relative merits of the parties'
> positions.

13  *Hummell*, 634 F.2d at 453. Here, the Regional Medical Center prevails on each of the *Hummell*

14  factors and an award of attorneys' fees is appropriate.

15       **A.    The Pension Fund Acted in Bad Faith**

16       This matter came before this Court because the Pension Fund acted in bad faith by

17  attempting to have Arbitrator Riker improperly exceed his authority and apply and interpret the

18  terms of the CBA between the Regional Medical Center and the Union. There is no merit to the

19  Pension Fund's position that Arbitrator Riker was permitted to interpret the CBA. Put simply, this

20  dispute and the considerable fees incurred by Regional Medical Center in defending against the

21  Pension Fund's position, were entirely avoidable for three reasons.

22       First, assuming, *arguendo*, that CBA interpretation was permissible in arbitration under the

23  Trust Agreement, the position advanced by the Pension Fund is patently wrong. The Recognition

24  Clause of CBA applicable to the audit period, in effect between November 1, 2009 and October 31,

25  2013, establishes that the bargaining unit is comprised of "all full-time and part-time employees in

26  the classifications listed in Article III," but "[s]pecifically excluded are all per diem and casual

27  employees." [Exhibit D, pg. 1]. Accordingly, the Pension Fund could never have plausibly asserted

28  that Regional Medical Center was liable to make pension contributions for *per diem* employees.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

1    Second, for a period of **nearly five (5) years**, Regional Medical Center made repeated good

2  faith efforts to explain to the Pension Fund why its position was incorrect.  The Pension Fund acted

3  in bad faith by ignoring Regional Medical Center's good faith efforts and ultimately proceeding

4  with frivolous arbitration proceedings and an unmeritorious cross-petition to confirm a facially

5  improper arbitration award.  Regional Medical Center's good faith efforts were as follows:

6   • September 15, 2016: Pension Fund is advised that findings for *per diem* employees
7     are incorrect because "*per diems* are not covered under the Local 39 contract"

8   • September 20, 2016: Pension Fund is notified that "Article 1 of our CBA with Local
      39 ***clearly*** specifically excludes all per diem employees from the bargaining unit"
9     and noting that the Pension Fund "erroneously stated that the language in the CBA
      excluded per diems for a period of 90 days." *(emphasis in original)*.
10

11  • November 7, 2016: Written notice to the Pension Fund establishing that, per prior
      communications, audit findings relating to *per diem* employees are inaccurate and
12    requesting that that prior communications be provided to Pension Fund Trustees.

13  • February 22, 2018: Pension Fund's counsel is put on notice that per diem employees
      are not within the express, negotiated scope of the CBA's Recognition Clause.
14

15  • February 21, 2019: Pension Fund's counsel is put on notice that, during collective
      bargaining, Union Business Representative Chris Kalmar admitted that *per diem*
16    employees "are not in the union, and not covered by the CBA" and that the "Union
      sought to eliminate use of per diems altogether because they are not in the union."

17  [Exhibit E].

18    It must also be noted that Regional Medical Center presented this evidence during the

19  arbitration proceedings.  [Exhibit B, pgs. 10-11].

20    Finally, during negotiations of the current CBA, covering the period of December 29, 2020

21  to September 30, 2023, Regional Medical Center and the Union negotiated over the scope of the

22  Recognition Clause.  These negotiations took place **before** the Pension Fund submitted a notice of

23  arbitration on March 29, 2019.  On October 19, 2018, the Union proposed eliminating the language

24  "[s]pecifically excluded are all per diem and casual employees" from the Recognition Clause.

25  [Exhibit F].

26    On October 29, 2018, Regional Medical Center rejected the Union's proposal.  [Exhibit E].

27  The Union subsequently renewed its proposal to eliminate this language, but Regional Medical

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

1   Center again rejected the proposal on October 30, 2018. [Exhibit F]. Ultimately, the exclusion of

2   *per diem* employees from the Union bargaining unit remained in the CBA. [Exhibit G].

3        This fact pattern makes clear that the Pension Fund has been aware that its argument that

4   Pension Fund contributions are owed for *per diem* employees is unmeritorious. Nonetheless, the

5   Pension Fund has, over a five-year period, persisted in pursuing this unmeritorious argument. This

6   unquestionably constitutes bad faith and satisfies the first *Hummell* factor.

7        **B.**      **The Pension Fund's Ability to Pay Attorneys' Fees**

8        On or about September 13, 2021, the Pension Fund filed its 2020 Annual Return/Report of

9   Employee Benefit Plan ("Form 5500") with the Internal Revenue Service ("IRS"). [Exhibit G].

10   The current value of all assets held by the Pension Fund is $1,401,042,110. [Exhibit G, pg. 4]. It

11   is inconceivable that the Pension Fund could contend that it lacks the resources to pay an award of

12   attorneys' fees.

13        **C.**      **An Award of Attorneys' Fees Would Have An Appropriate Deterrent Affect**.

14        The terms of the Trust Agreement authorizing the Trustees to take legal action to collect

15   delinquent contributes are seemingly facially neutral. In practice, as made glaringly apparent by

16   Arbitrator Riker's Award, the terms of the Trust Agreement provide the Pension Fund with a

17   perverse incentive to incur unreasonable audit and attorneys' fees, as well as to delay arbitration

18   proceedings to maximize interest penalties.

19        On September 12, 2016, the Pension Fund's auditor, Lindquist LLP (the "Auditor"),

20   transmitted draft findings to Regional Medical Center. [Exhibit H]. On September 15, 2016,

21   Regional Medical Center agreed to pay the Auditor's legitimate findings but provided notice that

22   the findings pertaining to *per diem* employees were incorrect. [Exhibit C]. Notwithstanding the

23   fact that the § 4.04 (Amendment No. 6) of the Trust Agreement provides for "expedited arbitration,"

24   the Pension Fund waited until March 29, ***2019*** to file a notice of arbitration. [Exhibit B, pgs. 7-8].

25        These delays and the Pension Fund's unreasonable rebuffing of Regional Medical Center's

26   repeated good faith efforts to avoid litigating this dispute (as summarized in Point II(A), above),

27   resulted in an award of $71,602.86 against Regional Medical Center. [Exhibit B, pg. 18]. Of the

28   awarded amount, only $5,947 - - or 8% - - was attributable to the principle amount of claimed

Ford & Harrison
LLP
Attorneys At Law
San Francisco

- 11 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

delinquent Pension Fund contributions. [Exhibit B, pg. 18]. This amount was dwarfed by the award of: (a) a combined $9,691.20 in interest[2]; (b) a combined $13,762 in audit fees; and (c) $37,349.76 in attorneys' fees. [Exhibit B, pg. 18].

The Pension Fund's interest in collecting contributions which are legitimately due is not served by undue delay of purportedly "expedited" arbitration proceedings to inflate the amount of interest due. This is to say nothing of the complete lack of any relationship between the Pension Fund's obligation to act in the best interests of participants and beneficiaries and the enrichment of its counsel and auditors. An award of attorneys' fees is necessary in this matter to deter misuse of the collections and enforcement provisions of the Trust Agreement.

### D.   This Matter Pertains to a Significant Legal Question Regarding ERISA

Section 502(g)(2) of ERISA is at issue in this matter. 29 *U.S.C.* § 1132(g). As is relevant to the instant application, Section 502(g)(2) empowers plan trustees to pursue legal action to collect delinquent fund contributions. *Id.* Where plan trustees are successful in collecting delinquent contributions, they may seek to recover: (a) the principle amount of delinquent contributions; (b) interest; (c) liquidated damages; (d) reasonable attorneys' fees and costs; and (e) such other legal and equitable relief as deemed appropriate. *Id.*

The statutory purpose of Section 502(g)(2) is to encourage timely contributions to ERISA funds. *Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 218 (9th Cir. 1989). The Pension Fund's course of conduct, as described in Point II(C) above, does not evince an intent to make ***timely*** efforts to collect delinquent contributions. Indeed, had the Pension Fund believed that Regional Medical Center's refusal to pay illegitimate audit findings on September 15, 2016 was improper, it would not have waited two-and-a-half years - until March 29, 2019 - to file a notice of arbitration.

Put simply, the Pension Fund's rejection of Regional Medical Center's good faith efforts to provide notice of incorrect audit findings and delayed action run contrary to the clear purpose of

_____

[2] It is undisputed that Regional Medical Center offered to pay the interest on the legitimate contributions if the Pension Fund would simply tell it how much was owed – but the Pension Fund never did that and continued to seek interest on those amounts as well – which Arbitrator Riker included in his Award. [Exhibit C].

1    Section 502(g)(2).  An award of attorneys' fees is appropriate to reinforce that Section 502(g)(2)

2    exists to enable *timely* efforts to collect delinquent contributions.  Lengthy delays serve no purpose

3    other than to improperly increase the amount of arbitration awards by padding the interest and fee

4    components of awards.  Accordingly, an award of attorneys' fees is a necessary deterrent because

5    it reinforces the statutory purpose of Section 502(g)(2) of ERISA: *timely* collection of legitimately

6    delinquent employer contributions.  *See id.*

7              **E.**        **The Pension Fund's Position is Utterly Lacking in Legal Merit.**

8            This Court's well-reasoned Order makes clear that the Pension Fund's position lacks any

9    semblance of legal merit.  To wit, the Pension Fund's position in pursuing arbitration was premised

10   on an assumption that Arbitrator Riker would exceed his authority by adopting a patently incorrect

11   interpretation of the CBA.   As this Court has made clear:

12           [U]nder the Trust Agreement, interpretation of the CBA was not
13           subject to arbitration.  A review of the Award in this case
             demonstrates that the arbitrator interpreted the CBA.  Indeed, he
14           expressly acknowledged as much…Because the arbitrator
             interpreted the CBA, his Award was in direct conflict with the Trust
15           Agreement, which provided that "[n]o matter in connection with the
             interpretation or enforcement of any Collective Bargaining
16           Agreement shall be subject to arbitration."
                                   ***

17           The Pension Fund's argument that the "no interpretation" limitation
18           is inapplicable to other types of arbitration under the Trust
             Agreement    misconstrues    the    amendments    to    that
19           agreement…Although the Pension Fund criticizes the scenario in
             which the arbitrator of a dispute under the Trust Agreement is not
20           authorized to interpret the CBA, that is the way RMC, the Pension
             Fund, and the Union structured the Trust Agreement and
21           CBA…Accordingly, the arbitrator is empowered only to enforce the
             prompt payment of contributions required under the CBA; he is not
22           empowered to interpret the CBA to determine whether contributions
             are required.

23   [Exhibit B, pgs. 11-13].

24           Accordingly, the Pension Fund's position lacks merit and an award of attorneys' fees is

25   appropriate.

26   ///

27   ///

28   ///

Ford & Harrison
LLP
Attorneys At Law
San Francisco

- 13 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

1

**II.      Regional Medical Center is Entitled to Fees Pursuant to LMRA.**

2          Perhaps not surprisingly, Section 4.03 of the Trust Agreement allows only for fees to be

3   awarded to the Pension Fund. But, *Cal. Civ. Code* § 1717(a), standing alone, dictates mutuality of

4   such one-sided fee arrangements. To the extent the LMRA preempts *Cal. Civ. Code* § 1717(a),[3]

5   however, Regional Medical Center is nonetheless entitled to fees under the LMRA, which allows

6   for fees where a party has acted in bad faith. *See generally Wellman v. Writers Guild of Am., West,*

7   *Inc.*, 146 F.3d 666, 674 (9th Cir. 1998) (the LMRA allows an award of attorneys' fees where an

8   adversary acts "in bad faith, vexatiously, wantonly, or for oppressive reasons"). As set forth in

9   detail above, the Pension Fund acted in bad faith in pursuing this claim and Regional Medical

10  Center is entitled to its reasonable attorney fees herein

11  / / /

12  / / /

13  / / /

14  / / /

15

16  _____

[3] *Cal. Civ. Code* § 1717(a) establishes:

17

18          In any action on a contract, where the contract specifically provides
            that attorney's fees and costs, which are incurred to enforce that
19          contract, shall be awarded either to one of the parties or to the
            prevailing party, then the party who is determined to be the party
20          prevailing on the contract, whether he or she is the party specified in
            the contract or not, shall be entitled to reasonable attorney's fees in
21          addition to other costs.

22  The purpose of § 1717(a) is basic fairness, as it makes reciprocal otherwise unilateral contractual
    obligations to pay attorneys' fees. *Santisas v. Goodin*, 17 Cal. 4th 599, 610-611 (1998); *see further*
23  *Monster, LLC v. Superior Court*, 12 Cal. App. 5th 1214, 1225 (2017) (§ 1717 exists to "prevent the
    oppressive use of one-sided attorney fees provisions). To the extent it is not preempted by the
24  LMRA, § 1717 entitles Regional Medical Center to attorneys' fees because: (a) it is an action "on
    a contract;" (b) § 4.03 of the Trust Agreement creates a unilateral attorney's fees obligation; and
25  (c) Regional Medical Center is the prevailing party in this matter.  *See In re Penrod*, 802 F.3d 1084,
    1087-1088 (9th Cir. 2015); *see further Hsu v. Abbara*, 9 Cal. 4th 863, 875-876 (1995) (a litigant is
26  a "prevailing party" within the meaning of § 1717 where the "results of the litigation on the contract
    claims are not mixed – that is, when the decision on the litigated contract claims is purely good
27  news for one party and bad news for the other."

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CONCLUSION</u>**

Regional Medical Center respectfully submits that an award of attorneys' fees is appropriate pursuant to *Fed. R. Civ. P.* 54, *Civ. L.R.* 54-1, and *Civ. L.R.* 54-5.  It is respectfully requested that this Court enter an Order awarding Regional Medical Center $133,928.70 in fees and granting such other and further relief as it deems just, equitable and proper.

Dated:  July 7, 2022

Respectfully submitted,

FORD & HARRISON LLP

By:  _____
      Allison V. Saunders
      Patricia G. Griffith, *Pro Hac Vice*

      Attorneys for Petitioner
      SAN JOSE HEALTHCARE SYSTEM, LP d/b/a
      REGIONAL MEDICAL CENTER OF SAN
      JOSE

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 15 -

PETITIONER'S NOTICE OF MOTION AND MOTION
FOR FED. R. CIV. P. 54 APPLICATION FOR
ATTORNEYS' FEES

1

## **PROOF OF SERVICE**

2

     I, Mary Garner, declare:

3

     I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.  On July 7, 2022, I served a copy of the within document(s):

4

5

6

    **PETITIONER'S NOTICE OF MOTION AND MOTION FOR FED. R. CIV. P. 54 APPLICATION FOR ATTORNEYS' FEES; DECLARATION OF PATRICIA G. GRIFFITH**

7

8

☒    ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

9

10

11

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15

☐    by placing the document(s) listed above in a sealed FedEx Overnight envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

16

Linda Baldwin Jones                Counsel for Respondent
Roberta D. Perkins

17

Bisma Shehbaz                    *Registered participant[s] in the*
Weinberg, Roger & Rosenfeld      *ECF System*

18

1375 55th Street
Emeryville, CA 94608-2609

19

Telephone: 510 337-1001
Facsimile:  510 337-1023

20

Email:       Lbjones@unioncounsel.net
             Rperkins@unioncounsel.net

21

             bshebaz@unioncounsel.net

22

     I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

23

24

     Executed on July 7, 2022, at Los Angeles, California.

25

*Mary Garner*
_____
Mary Garner

26

27

28