UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOSE HEALTHCARE SYSTEM, LP,<br><br>Plaintiff,<br><br>v.<br><br>STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND,<br><br>Defendant. | Case No. 21-cv-09974-SVK<br><br>**ORDER ON REGIONAL MEDICAL CENTER'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 54 |

Before the Court is the motion for Petitioner San Jose Healthcare System, LP d/b/a Regional Medical Center of San Jose ("RMC") for attorney's fees following the Court's order granting RMC's motion to vacate an arbitration award. Dkt. 54 ("Fees Motion"). Respondent Stationary Engineers Local 39 Pension Trust Fund ("Pension Fund") opposes the Fees Motion. Dkt. 60 ("Opp."). All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 23, 26. The Court finds this matter suitable for determination without a hearing. Civ. L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** RMC's motion for attorney's fees

**I.      BACKGROUND**

The facts of this case are discussed more fully in the Court's June 15, 2022 Order granting RMC's motion to vacate arbitration award. Dkt. 46. In brief, RMC is an acute care hospital located in San Jose, California. Dkt. 1 ¶ 2. The Pension Fund is the pension trust fund of non-party Stationary Engineers Local 39 ("Union"), which represents a group of engineers, technicians, and utility persons who work for RMC. *Id.* ¶ 3. The Union and RMC are parties to a collective bargaining agreement ("CBA") that obligates RMC to make pension contributions for work covered by the CBA. Dkt. 30 ¶¶ V-VI. Those contributions are governed by a separate Trust Agreement between RMC and the Pension Fund. *Id.* ¶ VI.

This action relates to an October 1, 2021 arbitration award (Dkt. 10-2) issued in a dispute submitted by the Pension Fund arising under the Trust Agreement. Dkt. 1 ¶ 1. RMC moved to vacate the arbitration award, and Pension Fund moved to confirm the award. Dkt. 9, 31. The

1    Court held a hearing on March 22, 2022.  *See* Dkt. 44.  On June 15, 2022, the Court issued an

2    Order granting RMC's motion to vacate the arbitration award and denying the Pension Fund's

3    motion to confirm the arbitration award.  Dkt. 46 (the "Order Vacating Arbitration Award").  The

4    Court entered judgment in favor of RMC on June 23, 2022.  Dkt. 50.  RMC's present Fees Motion

5    followed.  Dkt. 54.

## II. EVIDENTIARY OBJECTIONS

The Pension Fund objects to Exhibits F-J to the Declaration of Patricia G. Griffith submitted by RMC in support of its motion for attorney's fees.  Opp. at 18-20.  The Pension Fund argues these exhibits relate to bargaining between RMC and the Union for the CBA in effect between December 29, 2020 and September 23, 2023, which is the CBA for a different time period than the one involved in the arbitration that gave rise to this litigation.  Opp. at 19.  As such, the Pension Fund argues that these exhibits should be stricken pursuant to Rule 12(f) as immaterial and impertinent.  *Id.*  The Pension Fund also argues that Exhibit F is inadmissible hearsay and Exhibits G through J are not relevant to the present Fees Motion.  *Id.* at 20.

RMC cites the objected-to exhibits for the propositions that (1) it repeatedly notified the Pension Fund of RMC's position that per diem employees were not eligible for pension contributions; and (2) RMC specifically refused to remove the exclusion of per diem employees from the Union bargaining unit in that CBA.  *See* Fees Motion at 10-11.[1]  RMC argues that this is evidence that "the Pension Fund has been aware that its argument that Pension Fund contributions are owed for *per diem* employees is unmeritorious."  *Id.* at 11.  RMC argues that the objected-to evidence was accepted by the arbitrator and provided to the Court several months ago.  Dkt. 64 (Reply) at 15.  RMC also argues that the Pension Fund has not met the standard for striking the evidence.  *Id.*

The Pension Fund's objections to Ex. F-J to the Griffith Declaration are **OVERRULED**

---

[1] Some of the exhibit citations in the Fees Motion do not correspond to the lettering of the exhibits attached to the Griffith Declaration.  *Compare, e.g.,* Fees Motion at 10-11 (describing Exs. E, F, and G as correspondence from October 2018 and Ex. G as 2020-2023 CBA) to Dkt. 54-1 (Griffith Decl.) ¶ 32 (identifying and attaching the corresponding exhibits as Exs. G, H, I, and J).  The Court refers to these exhibits as identified in the Griffith Declaration.

on the grounds that the evidence is relevant and admissible for the limited purposes for which RMC offers it, and the Pension Fund's motion to strike these exhibits is **DENIED**.

## III. DISCUSSION

RMC seeks attorney's fees pursuant to Federal Rule of Civil Procedure 54. Fees Motion at 5. Rule 54(d)(2) requires that, unless a statute or a court order provides otherwise, a motion for attorney's fees must:

 i. be filed no later than 14 days after the entry of judgment;

 ii. specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

 iii. state the amount sought or provide a fair estimate of it; and

 iv. disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. Proc. 54(d)(2)(B); *see also* Civ. L.R. 54-5.

RMC argues that it is entitled to attorney's fees pursuant to section 502 of ERISA and pursuant to the Labor Management Relations Act ("LMRA") and/or California Civil Code § 1717. Fees Motion at 8, 14. The Court will now discuss each ground upon which RMC bases the Fees Motion.

### A. ERISA

#### 1. Legal Standard

Section 502(g)(1) of ERISA provides that "[i]n any action under this subchapter … by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs to either party." A party seeking to recover fees must show "some degree of success on the merits." *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 255 (2010) (citation omitted). Once a fees claimant meets this threshold requirement, the Court considers the five factors established by *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980). *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010). The five *Hummell* factors are: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would

1  deter others from acting under similar circumstances; (4) whether the parties requesting fees
2  sought to benefit all participants and beneficiaries of an ERISA plan, or to resolve a significant
3  legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Hummell*,
4  634 F.2d at 453.  No one factor is determinative, and some factors may be irrelevant depending on
5  the issues before the court.  *Carpenter S. Cal. Admin. Group v. Russell,* 725 F.2d 1410, 1416 (9th
6  Cir. 1984).

### 2. Discussion

RMC argues that it succeeded on the merits and prevails on each of the five *Hummell* factors.  Fees Motion at 8-13.  The Pension Fund argues that RMC's success in this matter is "purely procedural" and therefore it does not meet the threshold requirement set forth in *Hardt*.  Opp. at 4.  The Pension Fund also argues that even if the Court reaches the *Hummell* factors, RMC does not satisfy any of them.  *Id.* at 6-15.

#### a) Success on the merits

The Pension Fund argues that RMC fails to meet the threshold requirement for an award of fees because "[RMC's] success before this Court is purely procedural—it was successful only in getting the arbitration award set aside," whereas the ability to make a determination on the merits of RMC's position that contributions are never owed for per diem employees "lies solely with the arbitrator."  Opp. at 4.  The Court disagrees with the Pension Fund's argument that RMC did not achieve "some degree of success on the merits," as required under *Hardt*.  The only issue in this litigation was whether the arbitration award should be vacated or confirmed, and RMC won on that issue.  Whether or not the result in this case has a bearing on a more global disagreement between the Parties as to whether contributions are "*never* owed for per diem employees" (Opp. at 4 (emphasis added)) does not change the fact that in this particular case, RMC achieved some degree of success on the merits.

#### b) *Hummell* factors

The Parties agree on the five *Hummell* factors that are to be considered, although they disagree on which way those factors weigh in this case.  *See* Fees Motion at 9-13; Opp. at 6-15.  RMC argues that although no single factor is determinative and some factors may be irrelevant, it

4

1  prevails on each factor. Fees Motion at 9. The Pension Fund argues that in applying the *Hummell*
2  factors, "the Court must keep at the forefront ERISA's purposes that should be liberally construed
3  in favor of protecting participants in employee benefits plans." Opp. at 6-7 (internal quotation
4  marks and citations omitted).

### (1) Bad faith

RMC argues that the Pension Fund acted in bad faith "by attempting to have Arbitrator Riker improperly exceed his authority and apply and interpret the terms of the CBA between the Regional Medical Center and the Union," despite RMC's repeated attempts over a period of several years to "explain to the Pension Fund why its position was incorrect." Fees Motion at 9-11. The Pension Fund argues that it had a good faith basis for the positions it took in the arbitration and this litigation. Opp. at 7-13.

"[T]o avoid a finding of bad faith under the *Hummell* factors, plaintiffs must have had a reasonable belief that they could prove an actionable ERISA claim." *Resilient Floor Covering Pension Trust Fund Board of Trustees v. Michael's Floor Covering, Inc.*, No. 11-cv-05200-JSC, 2017 WL 24747, at * 2 (N.D. Cal. Jan. 3, 2017) (citing *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000)); *see also Jackson v. Wilson, Sonsini, Goodrich & Rosati Long Term Disability Plan*, 768 F. Supp. 2d 1015, 1022 (N.D. Cal. 2011). Here, the Parties' arguments on the issue of whether the Pension Fund acted in bad faith largely echo the arguments they made in connection with the motions to vacate or confirm the arbitration award. Although the Pension Fund did not prevail on its position that arbitrator acted within his authority, its arguments were not in bad faith because they were based on a non-frivolous, although ultimately incorrect, interpretation of the Trust Agreement. The conclusion that the Pension Fund did not act in bad faith is reinforced by the posture of this case, in which the Pension Fund was seeking to extend pension benefits rather than restrict them. "[T]he Ninth Circuit has emphasized that the 'culpability' of a losing plaintiff trustee differs from that of a losing defendant employer." *Resilient Floor Covering*, 2017 WL 24747, at * 2 (citing *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984)).

"While a finding of bad faith may support an award of attorneys' fees, it is not a

5

prerequisite for an award of fees against an ERISA plaintiff." *Jackson*, 768 F. Supp. 2d at 1021 (citing *Credit Managers Ass'n of So. Cal. v. Kennesaw Life*, 25 F. 3d 743, 749 n.3 (9th Cir. 1994). Accordingly, the Court now analyzes the other *Hummell* factors.

### (2) Ability to pay

The Pension Fund does not dispute its ability to satisfy a fee award. Opp. at 13. However, the Pension Fund argues that this factor is relevant more for excluding a fee award against a party that is unable to pay than as a factor weighing in favor of awarding fees. *Id.* The Pension Fund also notes that it is a non-profit employee benefit trust fund whose "assets should be used to pay plan participants and beneficiaries instead of an employer's excessive attorneys' fees." *Id.* The Court finds that the Pension Fund is able to pay an award of fees and will give this factor some but not significant weight in the overall analysis discussed in Section III.A.2.b.(6)., below.

### (3) Deterrence

RMC argues that an award of attorney's fees would have an appropriate deterrent effect. Fees Motion at 11-12. RMC asserts that "the terms of the Trust Agreement provide the Pension Fund with a perverse incentive to incur unreasonable audit and attorney's fees, as well as to delay arbitration proceedings to maximize interest penalties." *Id.* at 11. According to RMC, it informed the Pension Fund on September 15, 2016 of RMC's position that the auditor's findings regarding pension contributions owing for per diem employees were incorrect, but "the Pension Fund waited until March 29, *2019* to file a notice of arbitration." *Id.* (emphasis in original). RMC argues that because of this and other delays, only 8% of the $71,602.86 arbitration award was attributable to the principal amount of the disputed contributions, with the rest of the award comprised of interest, audit fees, and attorney's fees. *Id.* at 11-12. The Pension Fund responds to this argument by explaining the timing of its demand for arbitration following the 2016 audit, which was finalized in June 2017 and which led to a months-long exchange of positions between the Parties before RMC formally demanded arbitration. Opp. at 1-3, 7-13; Dkt. 60-1 (Jones Decl.); *see also* Fees Motion at 10.

The Court finds RMC's accusations of undue delay to be speculative and not supported by the record. Moreover, to the extent that RMC argues that an award of attorney's fees is necessary

6

because it would deter the Pension Fund against seeking pension fund contributions for per diem employees in the future, the Court finds that such considerations do not warrant a fee award. Although an award of attorney's fees under ERISA is available to either party, "[t]he deterrence factor rarely weighs in favor of a fee award against plaintiff-trustees." *Resilient Floor Covering,* 2017 WL 24747, at * 2 (citing *Russell*, 726 F.2d at 1416)). The Court's decision vacating the arbitration award in this case should provide guidance to the Parties in their future dealings and, as such, an award of attorney's fees is not necessary to serve as a deterrent against the Pension Fund taking a similar position in other disputes.

### (4) Significant question regarding ERISA

RMC's argument that this case pertains to a significant question regarding ERISA again focuses on the Pension Fund's purported delay in seeking arbitration, which (according to RMC) runs counter to the statutory purpose of section 502(g)(2) to encourage timely contributions to ERISA funds. Fees Motion at 12-13. The Pension Fund argues that whether the matter resolves a significant legal question regarding ERISA is "not particularly relevant" to a determination of whether to award fees to a prevailing defendant. Opp. at 14. The Pension Fund also argues that this case "involves a single issue unique to the parties based on the language of the CBA" and does not raise any significant legal questions involving ERISA. *Id.* The Pension Fund further asserts that the only issue in this case is "whether the arbitration award should be vacated, a question that does not involve ERISA at all." *Id.* at 14-15.

The Pension Fund's argument that this case does not involve ERISA is not well-taken. The Court found that it has jurisdiction over this case under ERISA, based in part on the fact that the Pension Fund invoked ERISA in its petition to confirm the arbitration award. Dkt. 46 at 6 (citing Dkt. 30 § I). Moreover, as discussed above the Parties agree that RMC's present Fees Motion should be decided under the *Hummell* factors applicable to ERISA cases. *See* Fees Motion at 9-13; Opp. at 6-15. Nevertheless, the Court agrees with the Pension Fund that this case does not pertain to a significant legal issue regarding ERISA, as relevant to the *Hummell* analysis, because the of the unique terms of the CBA and Trust Agreement involved in this case.

### (5) Relative merits

1  RMC's argument regarding the relative merits of the Parties' positions largely rehashes its
2  argument, discussed above, that the Pension Fund acted in bad faith. Fees Motion at 13. The
3  Pension Fund argues that although the Court vacated the arbitration award, that does not mean its
4  arguments lacked legal merit. Opp. at 15. Although the Court rejected the Pension Fund's
5  position in this case, the Pension Fund had non-frivolous arguments as to why the arbitration
6  award should be confirmed. Accordingly, this factor does not weigh heavily in favor of either
7  party.

**(6)    Conclusion on *Hummell* factors**

As discussed above, RMC's arguments on the *Hummell* factors are based largely on speculation about the Pension Fund's bad motives and on the Court's ultimate agreement with RMC's position in this case, whereas the Pension Fund responds by trying to re-argue positions that the Court rejected. Weighing these factors, and in light of the Pension Fund's role in ensuring proper pension contributions by RMC, the Court exercises its discretion to deny RMC's request for attorney's fees pursuant to ERISA.

**B.    LMRA AND CALIFORNIA CIVIL CODE § 1717**

As an alternative to an award of fees pursuant to ERISA, RMC argues that it is entitled to attorney's fees under other sources of authority. Fees Motion at 14. First, RMC argues that although section 4.03 the Trust Agreement allows only for fees to be awarded to the Pension Fund, California Civil Code § 1717(a) "standing alone, dictates mutuality of such one-sided fee arrangements." *Id.* That code section provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

RMC further argues that "[t]o the extent the LMRA preempts" section 1717, RMC is "nonetheless entitled to fees under the LMRA, which allows for fees where a party has acted in bad faith." *Id.* (citing *Wellman v. Writers Guild of Am., West, Inc.*, 146 F.3d 666, 674 (9th Cir. 1998)). According to RMC, that requirement is met in this case because "the Trust Fund sat on its claims

8

for years to allow interest and other penalties to accrue" and "elected to initiate arbitration knowing that the entire premise of its claims hinged on faulty facts and legal bases." Dkt. 64 (Reply) at 13.

As alluded to in RMC's argument on this issue (Fees Motion at 14), the Ninth Circuit has held that "the broad preemptive force of the LMRA applies against California Civil Code section 1717." *Roy Allen Slurry Seal v. Laborers Int'l Union of N. Am. Hwy. & St. Stripers/Rd. & St. Slurry Loc. Union 1184, AFL-CIO*, 241 F.3d 1142, 1146 (9th Cir. 2001). Accordingly, attorney's fees are not available to RMC pursuant to section 1717.

As RMC also appears to recognize (Fees Motion at 14), to recover attorney's fees under LMRA, it must show that the Pension Fund engaged in bad faith or similar conduct. *Roy Allen Slurry Seal*, 241 F.3d at 1148; *see also Wellman v. Writers Guild of America, West, Inc.*, 146 F.3d 66, 674 (9th Cir. 1998). For reasons discussed above in connection with the *Hummell* factor of bad faith, the Court concludes that no finding of bad faith or similar conduct is warranted in connection with RMC's request for attorney's fees under the LMRA. RMC has not demonstrated that the Pension Fund acted with the requisite level of bad faith or that its position was frivolous.

### C. Other Arguments

Because the Court decides, in its discretion, not to award RMC its attorney's fees, it does not reach the Pension Fund's arguments that an award of fees should not include RMC's fees in the underlying arbitration and that RMC has not provided sufficient billing information to support its fees request. *See* Fees Motion at 5-6, 17-18.

### IV. CONCLUSION

For the reasons discussed above, RMC's motion for attorney's fees is **DENIED.**

**SO ORDERED.**

Dated: November 2, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

9